# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| YANGJIANG XINHE HOUSEWARE CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TELEBRANDS CORP., <br><br> Defendant. | C.A. No. _____ <br><br> JURY TRIAL DEMANDED |

### COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT

Plaintiff Yangjiang Xinhe Houseware Co., Ltd. ("Plaintiff" or "Xinhe"); hereby brings this Complaint against Defendant Telebrands Corp. ("Defendant" or "Telebrands") and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for declaratory judgment of noninfringement of U.S. Patent Nos. 11,608,915 (the "'915 patent") and 10,174,870 (the "'870 patent"). A copy of the '915 patent is attached as **Exhibit A** and a copy of the '870 patent is attached as **Exhibit B**.

### THE PARTIES

2. Plaintiff Yangjiang Xinhe Houseware Co., Ltd. is a company organized under the laws of China with a place of business at No. 279 Dongfeng Fourth Road, Dongcheng Town, Yangdong District, Yangjiang City, Guangdong Province, China 529500.

3. On information and belief, Defendant Telebrands Corp. is a company organized under the laws of New Jersey with a place of business at One Telebrands Plaza, Fairfield, New Jersey 07004.

4. On information and belief, Defendant is the assignee of all rights, title, and

interest in the '915 patent and the '870 patent.

## BACKGROUND

5.      Plaintiff was established on November 15, 2018, under its former name, Guangdong Jialimei Sporting Goods Co., Ltd.  On August 16, 2024, Plaintiff changed its name to Yangjiang Xinhe Houseware Co., Ltd.

6.      Plaintiff is a supplier of expandable water hoses for its resellers on Amazon.com.

7.      On or about February 17, 2025, one of Plaintiff's resellers was notified that expandable water hoses supplied by Plaintiff were delisted from Amazon.com for allegedly infringing the '915 patent.  The Amazon Standard Identification Numbers ("ASINs") of these expandable water hoses are B0DQKJ2HL9 and B0DR4F9QXV.

8.      Since ASINs B0DQKJ2HL9 and B0DR4F9QXV were delisted, 26 other ASINs from multiple resellers who source their expandable water hoses from Plaintiff were delisted for allegedly infringing either the '915 patent or the '870 patent.  The following table provides an overview of the 28 total expandable water hose ASINs (the "Accused Products") that have been delisted by Defendant:

|     | Amazon Store Name | Complaint ID | Asserted Patent | Delisted ASIN | Removed Date |
| --- | --- | --- | --- | --- | --- |
| 1.  | la issa | 17217185311 | 11,608,915 | B0DQKJ2HL9 | 2/17/2025 |
| 2.  | la issa | 17217185311 | 11,608,915 | B0DR4F9QXV | 2/17/2025 |
| 3.  | DAMER_USA | 17268771361 | 10,174,870 | B0DRNX9KN2 | 2/26/2025 |
| 4.  | KINGGOLDTECH | 17321675071 | 11,608,915 | B0DT8Z6WH4 | 3/4/2025 |
| 5.  | HNLF DIRECT | 17328222041 | 11,608,915 | B0DRP818RN | 3/4/2025 |
| 6.  | DAMER_USA | 17328085921 | 10,174,870 | B0DRNWVXNV | 3/4/2025 |
| 7.  | DAMER_USA | 17328222041 | 11,608,915 | B0DRNWXQXP | 3/4/2025 |
| 8.  | DAMER_USA | 17328222041 | 11,608,915 | B0DRNW6FWT | 3/4/2025 |
| 9.  | DAMER_USA | 17321675071 | 11,608,915 | B0DRNYPHK2 | 3/4/2025 |
| 10. | DAMER_USA | 17358771051 | 11,608,915 | B0DRNY2F2X | 3/7/2025 |
| 11. | AOFACIAL-US | 17377704491 | 11,608,915 | B0DSC4JGP9 | 3/11/2025 |
| 12. | AOFACIAL-US | 17377704491 | 11,608,915 | B0DSC2WLL7 | 3/11/2025 |
| 13. | AMZBOSS DIRECT | 17377704491 | 11,608,915 | B0DRRL5NJN | 3/11/2025 |
| 14. | AMZBOSS DIRECT | 17377704491 | 11,608,915 | B0DRXMHH84 | 3/11/2025 |

| 15. | HNLF DIRECT | 17377704491 | 11,608,915 | B0DRXPCP34 | 3/11/2025 |
| 16. | AMZBOSS DIRECT | 17394962901 | 11,608,915 | B0DRRK16M3 | 3/12/2025 |
| 17. | AMZBOSS DIRECT | 17394962901 | 11,608,915 | B0DRRWRJG5 | 3/12/2025 |
| 18. | HNLF DIRECT | 17394962901 | 11,608,915 | B0DSZMQ9P6 | 3/12/2025 |
| 19. | HNLF DIRECT | 17394962901 | 11,608,915 | B0DRP736YC | 3/12/2025 |
| 20. | HNLF DIRECT | 17394962901 | 11,608,915 | B0DRP8987N | 3/12/2025 |
| 21. | HNLF DIRECT | 17394962901 | 11,608,915 | B0DRXLR6GF | 3/12/2025 |
| 22. | AMZBOSS DIRECT | 17400790451 | 11,608,915 | B0DRXH2WDQ | 3/13/2025 |
| 23. | AMZBOSS DIRECT | 17400790451 | 11,608,915 | B0DRRYQWV9 | 3/13/2025 |
| 24. | AMZBOSS DIRECT | 17400790451 | 11,608,915 | B0DRRY7XP8 | 3/13/2025 |
| 25. | AMZBOSS DIRECT | 17402233181 | 11,608,915 | B0DRRW68V4 | 3/13/2025 |
| 26. | AMZBOSS DIRECT | 17400790451 | 11,608,915 | B0DRRPVKQM | 3/13/2025 |
| 27. | AMZBOSS DIRECT | 17409912221 | 11,608,915 | B0DRRN7D1M | 3/14/2025 |
| 28. | AMZBOSS DIRECT | 17409912221 | 11,608,915 | B0DRRYMQ7H | 3/14/2025 |

9. Plaintiff's resellers offer Accused Products for sale to customers in the United States, including Delaware, and have sold Accused Products to customers in Delaware.

10. As a result of the foregoing, a justiciable controversy exists between Plaintiff and Defendant as to whether the Accused Products infringe the '915 patent or the '870 patent (collectively, the "Asserted Patents").

## JURISDICTION AND VENUE

11. Plaintiff repeats, realleges, and incorporates each and every allegation contained in all previous paragraphs as if fully set forth herein.

12. The Court has original subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. §§ 100 et seq., and seeks relief under the Federal Declaratory Judgment Act.

13. The Court has supplemental jurisdiction over Plaintiff's state law claims for Tortious Interference with Contractual Relations, and Tortious Interference with Prospective Economic Advantage because the state law claims are sufficiently intertwined with the facts

alleged in the federal claims for relief to confer supplemental jurisdiction upon this Court under 28 U.S.C. § 1367(a).

14. Defendant is subject to specific personal jurisdiction in this District because of its infringement notifications to Amazon that Plaintiff's resellers allegedly infringe the Asserted Patents. By submitting these infringement notifications, Defendant caused Amazon to remove the Accused Products from Amazon.com, which has deprived customers in this District of the ability to purchase the Accused Products from Amazon.com as they have before, and deprived Plaintiff's resellers of their rights to sell Accused Products to customers in this District.

15. Defendant is also subject to specific personal jurisdiction in this District because Defendant has initiated multiple lawsuits in this Court, thereby purposely invoking the benefits and protections of this forum, which establishes sufficient minimum contacts with this District.

16. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District. Venue is also proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this declaratory judgment claim occurred in this District. Defendant's infringement notifications to Amazon that Plaintiff's resellers allegedly infringe the Asserted Patents deprived the resellers' customers in this District of the ability to purchase the Accused Products from Amazon.com as they have before, and deprived Plaintiff's resellers of their rights to sell Accused Products to their customers in this District.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment of Noninfringement of U.S. Patent No. 11,608,915)**

17. Plaintiff repeats, realleges, and incorporates each and every allegation contained in all previous paragraphs as if fully set forth herein.

18. The '915 patent includes two independent claims: Claim 1 and claim 14.

4

19. Both independent claims of the '915 patent recite a "garden hose" with an "inner tube" and an "outer tube" such that an "increase in water pressure" causes the "inner tube" to "expand[]" both "longitudinally" and "laterally":

- "said increase in water pressure expands said inner tube longitudinally along a length of said flexible inner tube and laterally across a width of said flexible inner tube thereby expanding said hose to an expanded condition" (Ex. A at claim 1.)

- "an increase in water pressure within said expanding hose between said first and second couplers causing said elastic inner tube to expand longitudinally along a length of said elastic inner tube and laterally across a width of said elastic inner tube thereby increasing a length and width of said hose to an expanded condition" (Ex. A at claim 14.)

20. Both independent claims of the '915 patent require that the "inner tube" and "outer tube" be "unsecured" between their "ends":

- "said flexible inner tube unsecured to said flexible outer tube between said first and second ends so that said flexible outer tube can move freely over said flexible inner tube" (Ex. A at claim 1.)

- "said elastic inner tube and said flexible outer tube being secured to each other only at said first and said second ends and unsecured to each other between said first and said second ends" (Ex. A at claim 14.)

21. The Accused Products come in two versions, and neither infringe for at least the following reasons:

 

(Photos of both versions of the Accused Products.)

22. The Accused Products consist of three layers: an inner layer, a middle textile layer, and an outer layer:



(Photos of the internal structure of both versions of the Accused Products.)

23. Because of this three-layer construction, the Accused Products can only stretch and retract both longitudinally and synchronously without any lateral expansion. Moreover, when under fluid pressure, the outer diameter of the Accused Products slightly decreases and the

6

inner and middle layers do not move relative to each other.

24. These noninfringing characteristics of the Accused Products is readily observable under normal, intended use.

25. An actual and justiciable controversy therefore exists between Plaintiff and Defendant regarding whether the Accused Products infringe the '915 patent.

26. Plaintiff seeks and is entitled to a judgment declaring that the Accused Products have not infringed and do not infringe the '915 patent, either literally or under the doctrine of equivalents.

27. This is an exceptional case under 35 U.S.C. § 285, entitling Plaintiff to reimbursement of its attorneys' fees, costs, and expenses from Defendant.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Noninfringement of U.S. Patent No. 10,174,870)

28. Plaintiff repeats, realleges, and incorporates each and every allegation contained in all previous paragraphs as if fully set forth herein.

29. The '870 patent includes two independent claims: Claim 1 and claim 16.

30. Both independent claims of the '870 patent recite a "hose" with an "inner tube" and an "outer tube" such that an "increase in fluid pressure" causes the "inner tube" to "expand[]" both "longitudinally" and "laterally":

- "said increase in fluid pressure expands said inner tube longitudinally along a length of said inner tube and laterally across a width of said inner tube thereby increasing said hose to an expanded condition" (Ex. B at claim 1.)

- "an increase in fluid pressure within said expanding hose between said first and second couplers causing said inner tube to expand longitudinally along a length of

7

said inner tube and laterally across a width of said inner tube thereby increasing a length and width of said hose to an extended condition" (Ex. B at claim 16.)

31.     Both independent claims of the '870 patent require that the "inner tube" and "outer tube" be "unsecured" between their "ends":

- "said inner and outer tubes unsecured between said first and second ends so that said outer tube is not held in frictional contact with said inner tube so that said outer tube can move freely along said inner tube" (Ex. B at claim 1.)

- "said inner and said outer tubes being secured to each other only at said first and said second ends and unsecured to each other between said first and said second ends" (Ex. B at claim 16.)

- "whereby said inner tube moves freely with respect to said outer tube when there is no fluid pressure differential between said first coupler and said second coupler" (Ex. B at claim 16.)

32.     The Accused Products come in two versions, and neither infringe for at least the following reasons:

 

(Photos of both versions of the Accused Products.)

33. The Accused Products consist of three layers: an inner layer, a middle textile layer, and an outer layer:



(Photos of the internal structure of both versions of the Accused Products.)

34. Because of this three-layer construction, the Accused Products can only stretch and retract both longitudinally and synchronously without any lateral expansion. Moreover, when under fluid pressure, the outer diameter of the Accused Products slightly decreases and the inner and middle layers do not move relative to each other.

35. These noninfringing characteristics of the Accused Products is readily observable under normal, intended use.

36. An actual and justiciable controversy therefore exists between Plaintiff and Defendant regarding whether the Accused Products infringe the '870 patent.

37. Plaintiff seeks and is entitled to a judgment declaring that the Accused Products have not infringed and do not infringe the '870 patent, either literally or under the doctrine of equivalents.

38. This is an exceptional case under 35 U.S.C. § 285, entitling Plaintiff to reimbursement of its attorneys' fees, costs, and expenses from Defendant.

## THIRD CLAIM FOR RELIEF

### (Tortious Interference with Contractual Relations)

39. Plaintiff repeats, realleges, and incorporates each and every allegation contained in all previous paragraphs as if fully set forth herein.

40. Under Delaware law, a tortious interference with contract claim has the following elements: (1) a contract, (2) Defendant's knowledge of the contract, (3) Defendant's intentional act that is a significant factor in causing a breach of the contract without justification, and (4) that causes injury.

41. Plaintiff has valid and enforceable contractual relationships with its resellers who purchase Accused Products from Plaintiff to sell on Amazon.com.

42. At the time Defendant notified Amazon that Plaintiff's resellers allegedly infringe the Asserted Patents, Plaintiff had a contractual relationship with those resellers to supply them with Accused Products.

43. Defendant knew or should have known that Plaintiff's resellers had a contractual relationship with an Accused Product supplier.

44. Defendant intentionally and improperly interfered with these contractual relationships by asserting baseless infringement claims under the Asserted Patents against the Accused Products, which caused, and that Defendant intended to cause, Amazon to delist the Accused Products without affording Plaintiff or Plaintiff's resellers an opportunity to respond to the alleged infringement claims.

45. Defendant knew that its alleged infringement notices would disrupt and cause

breaches to the contractual relationships between Plaintiff and Plaintiff's resellers of the Accused Products because the Accused Products could no longer be sold by Plaintiff's resellers.

46. Defendant's actions have damaged Plaintiff in a variety of ways. Because of Defendant's intentional and improper interference with Plaintiff's contractual relationships with its resellers, Plaintiff has lost and continues to lose significant sales revenue, which in turn disrupts Plaintiff's cash flow, its ability to pay its vendors and workers, and has damaged its reputation, which will make it difficult to recover from the already-resulted and continuously lost business.

47. Defendant's actions set forth herein have exhibited oppression, fraud, and/or malice, intentionally directed at Plaintiff, entitling Plaintiff to appropriate punitive damages in addition to compensatory damages. That the Accused Products cannot infringe the Asserted Patents was readily observable by Defendant under normal, intended use, and therefore, Defendant either ignored observed evidence of noninfringement, or failed to examine and test the Accused Products to remain willfully blind to the fact that the Accused Products cannot infringe the Asserted Patents, either literally or under the doctrine of equivalents.

## FOURTH CLAIM FOR RELIEF

### (Tortious Interference with Prospective Business Relations)

48. Plaintiff repeats, realleges, and incorporates each and every allegation contained in all previous paragraphs as if fully set forth herein.

49. Under Delaware law, a tortious interference with prospective business relations claim has the following elements: (1) Plaintiff had a reasonable probability of a business opportunity, (2) Defendant intentionally interfered with that opportunity, (3) Defendant's intentional interference was a proximate cause of a breach or termination of the opportunity, and

(4) damages to Plaintiff resulted from Defendant's interference.

50.     At the time Defendant notified Amazon that Plaintiff's resellers allegedly infringe the Asserted Patents, Plaintiff had a reasonable probability of further business opportunities that its resellers of the Accused Products would continue to purchase Accused Products for sale on Amazon.com.

51.     Defendant knew or should have known that Plaintiff's resellers had a contractual relationship with an Accused Product supplier and that there was a reasonable probability that prospective business opportunities with its resellers would continue and that prospective business opportunities with other sellers would arise.

52.     Defendant intentionally and improperly interfered with these prospective business relations by asserting baseless alleged infringement claims under the Asserted Patents against the Accused Products, which caused, and that Defendant intended to cause, Amazon to delist the Accused Products without affording Plaintiff or Plaintiff's resellers an opportunity to respond to the alleged infringement claims.

53.     Defendant knew that its alleged infringement notices would disrupt and terminate Plaintiff's further business opportunities that its resellers of the Accused Products would continue to purchase Accused Products for sale on Amazon.com.

54.     Defendant also knew that its alleged infringement notices would disrupt and terminate Plaintiff's further business opportunities with prospective sellers.

55.     Defendant's actions have damaged Plaintiff in a variety of ways.  Because of Defendant's intentional and improper interference with Plaintiff's prospective business relations, Plaintiff has lost and continues to lose significant sales revenue and is unable to fulfill additional orders for Accused Products from its existing or prospective resellers, which in turn disrupts

Plaintiff's cash flow, its ability to pay its vendors and workers, and has damaged its reputation, which will make it difficult to recover from the already-resulted and continuously lost business.

56.     Defendant's actions set forth herein have exhibited oppression, fraud, and/or malice, intentionally directed at Plaintiff, entitling Plaintiff to appropriate punitive damages in addition to compensatory damages.  That the Accused Products cannot infringe the Asserted Patents was readily observable by Defendant under normal intended use, and therefore Defendant either ignored observed evidence of noninfringement, or failed to examine and test the Accused Products to remain willfully blind to the fact that the Accused Products cannot infringe the Asserted Patents, either literally or under the doctrine of equivalents.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in its favor and against Defendant as follows:

a.     Ordering Defendant to withdraw all of its infringement assertions for the Asserted Patents against Plaintiff's resellers and to make no further complaints of infringement to Amazon against Plaintiff or Plaintiff's resellers based on the Asserted Patents;

b.     An order enjoining Defendant and those in privity with Defendant from asserting the Asserted Patents against Plaintiff or Plaintiff's resellers and their representatives, agents, affiliates, subsidiaries, vendors, and customers;

c.     Declaring that Plaintiff and Plaintiff's resellers have not and do not infringe the Asserted Patents, either literally or under the doctrine of equivalents, including without limitation by making, using, selling, offering to sell, and/or importing into the United States the Accused Products;

d.     Finding Defendant liable for tortious interference with contractual relations;

e. Finding Defendant liable for tortious interference with prospective business relations;

f. For all actual and punitive damages in such amount as may be found, or otherwise permitted, by law;

g. An order declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Plaintiff its attorneys' fees, costs, and expenses incurred in this action;

h. An award to Plaintiff of its costs and disbursements; and

i. Such other relief to which Plaintiff is entitled under the law and any other further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: May 24, 2024

RIMON, P.C.

By: /s/ Zhun Lu
Zhun Lu (#4427)
200 Continental Drive, Suite 401
Newark, DE 19713
Telephone/Facsimile: (302) 688-7566
zhun.lu@rimonlaw.com

OF COUNSEL

John E. Handy (*pro hac vice application forthcoming*)
1765 Greensboro Station Place Tower I, Suite 900
McLean, VA 22102
Telephone/Facsimile: (703) 559-7360
john.handy@rimonlaw.com

*Attorneys for Plaintiff*
*Yangjiang Xinhe Houseware Co., Ltd.*