IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| YANGJIANG XINHE HOUSEWARE CO., LTD., <br>         Plaintiff, <br><br> v. <br><br> TELEBRANDS CORP., <br><br>         Defendant. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 25-365-JLH <br> ) <br> ) <br> ) <br> ) <br> ) |

**<u>MEMORANDUM ORDER</u>**

At Wilmington, this 11th day of February, 2026,

WHEREAS, on March 24, 2025, Plaintiff Yangjiang Xinhe Houseware Co., Ltd. ("Plaintiff") filed this action against Defendant Telebrands Corp. ("Defendant") (D.I. 1);

WHEREAS, the original Complaint alleged that "Plaintiff is a supplier of expandable water hoses for its resellers on Amazon.com" (*id.* ¶ 6) and that many of Plaintiff's resellers were notified in February and March 2025 that certain hoses had been "delisted" from Amazon for alleged infringement of U.S. Patent Nos. 11,608,915 ("'915 patent") and/or 10,174,870 ("'870 patent"), both of which are alleged to be assigned to Defendant (D.I. 1 ¶ 8);

WHEREAS, the original Complaint requested declaratory judgments of noninfringement of the '915 and '870 patents, but it did not allege that Plaintiff sold products on Amazon.com, nor did the Complaint allege that Plaintiff was obligated to indemnify its resellers for any acts of infringement;

WHEREAS, on April 23, 2025, Plaintiff filed a motion for a temporary restraining order and preliminary injunction (D.I. 8);

WHEREAS, on May 12, 2025, Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction (standing) and under Rule 12(b)(6) for failure to state a claim (D.I. 21);

WHEREAS, on May 19, 2025, Plaintiff filed a First Amended Complaint ("FAC") (D.I. 25), which again sought declaratory judgments of noninfringement of the '915 and '870 patents (as well as relief under state law), and which alleged that additional resellers had products delisted for alleged infringement of the '915 and '870 patents in March and April 2025;

WHEREAS, the FAC alleged that "Plaintiff is obligated to indemnify its resellers . . . against, *inter alia*, claims that Accused Products infringe either the '915 patent or the '870 patent" and that "[a]s part of Plaintiff's indemnification obligations, Plaintiff is responsible for all legal fees and other expenses associated with this lawsuit" (D.I. 25 ¶ 10);

WHEREAS, on June 2, 2025, Defendant filed a motion to dismiss the FAC for lack of standing and failure to state a claim (D.I. 34);

WHEREAS, given the filing of the FAC, on June 3, 2025, the Court (i) dismissed Defendant's motion to dismiss the original Complaint and (ii) denied Plaintiff's motion for a temporary restraining order and preliminary injunction without prejudice to refile (D.I. 36);

WHEREAS, on June 3, 2025, the Court ordered Plaintiff to produce to Defendant its indemnification agreements with its resellers on or before June 6, 2025 (*id.*; *see also* D.I. 44, Ex. A);

WHEREAS, on June 4, 2025, Plaintiff filed a new motion for a preliminary injunction and temporary restraining order (D.I. 37);

WHEREAS, on July 7, 2025, having become concerned that the Court may not have subject matter jurisdiction, I issued the following order:

2

>   ORAL ORDER TO SHOW CAUSE: The Court has an independent duty to satisfy itself about the existence of subject matter jurisdiction.  Pursuant to the Court's June 3, 2025 Oral Order, Plaintiff produced an Indemnification Agreement dated February 17, 2025 (one week before this case was filed)—which states that it was "executed as of February 17, 2025" (D.I. 47-4)—yet the document on its face refers to events that occurred well after February 17, 2025.  The limited record before the Court suggests that Plaintiff did not in fact have an obligation to indemnify its resellers as of February 17, 2025, when the case was filed.  Indeed, Plaintiff submitted a declaration acknowledging that the Indemnification Agreement was created on May 17, 2025. (D.I. 47.)  Under well-settled law, if there was no subject matter jurisdiction at the time the case was filed, the Court must dismiss the case.  On or before July 22, 2025, Plaintiff shall either (i) agree to dismiss this action without prejudice or (ii) file a brief with supporting affidavit(s) supporting its contention that Plaintiff had entered into an indemnification agreement on or before February 17, 2025.

(D.I. 50); and

WHEREAS, on July 22, 2025, Plaintiff responded to the Court's July 7, 2025 Order (D.I. 51–63), and Defendant replied on July 31, 2025 (D.I. 69);

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's motion to dismiss (D.I. 34) is GRANTED, and the action is dismissed for lack of subject matter jurisdiction.

1.     The Court has an independent duty to satisfy itself about the existence of subject matter jurisdiction, including standing.  The subject matter jurisdiction of the Court depends on the state of things at the time the action is filed.  *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004); *see also Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 294 (3d Cir. 2012).  The party invoking federal subject matter jurisdiction has the burden to establish its standing for each type of relief sought.  *Cook v. GameStop, Inc.*, 148 F.4th 153, 157 (3d Cir. 2025); *Madstad Eng'g, Inc. v. U.S. Pat. & Trademark Off.*, 756 F.3d 1366, 1371 (Fed. Cir. 2014).

2. "[W]here a patent holder accuses customers of direct infringement based on the sale or use of a supplier's equipment, the supplier has standing to commence a declaratory judgment action if (a) the supplier is obligated to indemnify its customers from infringement liability, or (b) there is a controversy between the patentee and the supplier as to the supplier's liability for induced or contributory infringement based on the alleged acts of direct infringement by its customers." *Arris Grp., Inc. v. Brit. Telecommunications PLC*, 639 F.3d 1368, 1375 (Fed. Cir. 2011). Plaintiff is a foreign company, and there is no real suggestion in the record that it could be liable for induced or contributory infringement under 35 U.S.C. § 271.[1] Accordingly, whether Plaintiff has standing to maintain this declaratory judgment action depends on whether it was obligated to indemnify its customers for infringement liability at the time this action was filed.[2]

---

[1] As Defendant rightly points out, Plaintiff does not allege that it manufactures or sells its hoses in, or imports them into, the United States. Nor does the record reflect that Plaintiff intends to conduct any potentially infringing activity in the United States in the future.

[2] I acknowledge that there is a circuit split on whether a plaintiff can "cure" a so-called defect in standing by filing an amended or supplemental pleading that alleges facts that arose after the original complaint was filed. *Scahill v. D.C.*, 909 F.3d 1177, 1183 (D.C. Cir. 2018) (citing cases). Federal Circuit cases seem to go both ways. *Compare US Inventor, Inc. v. United States Pat. & Trademark Off.*, 156 F.4th 1306, 1310 (Fed. Cir. 2025) (applying D.C. Circuit law), *and Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1337 (Fed. Cir. 2008) ("[T]he proper focus in determining jurisdiction are 'the facts existing at the time the complaint *under consideration* was filed.'" (quoting *GAF Bldg. Materials Corp. v. Elk Corp.*, 90 F.3d 479, 483 (Fed. Cir. 1996))), *with Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1384 (Fed. Cir. 2010) ("[U]nless there was jurisdiction at the filing of the original complaint, jurisdiction could not be carried back to the date of the original pleading."), *and Microsoft Corp. v. DataTern*, Inc., 755 F.3d 899, 906 (Fed. Cir. 2014) ("A declaratory judgment plaintiff must plead facts sufficient to establish jurisdiction at the time of the complaint, and post-complaint facts cannot create jurisdiction where none existed at the time of filing."). The Third Circuit has made clear that standing must exist "on the date the lawsuit was commenced." *Lutter v. JNESO*, 86 F.4th 111, 124–25 (3d Cir. 2023) ("An amended complaint—while the operative pleading for purposes of evaluating the sufficiency of the allegations, the viability of the claims, and the requested relief—does not restart the date for assessing standing . . . . Rather, an amended complaint provides additional information that can be used to evaluate standing as of the date that the lawsuit was filed." (footnote omitted)); *cf. Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (explaining that, while subject matter jurisdiction depends on the state of things when the action

3.     Paragraph 10 of the FAC contains a conclusory allegation that Plaintiff has an obligation to indemnify its resellers (D.I. 25 ¶ 10), but the FAC is silent as to when that obligation arose.  In furtherance of my independent duty to satisfy myself about the existence of subject matter jurisdiction, my July 7, 2025 order to show cause treated the standing dispute as a factual challenge to subject matter jurisdiction, and I gave Plaintiff the chance to substantiate its standing allegations through the submission of declarations and other evidence.  *See Loc. 336, Am. Fed'n of Musicians, AFL-CIO v. Bonatz*, 475 F.2d 433, 436 (3d Cir. 1973) (court must give plaintiff notice and an opportunity to present facts in support of his jurisdictional contention); *see also Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) ("When a factual challenge [to jurisdiction] is made, 'the plaintiff will have the burden of proof that jurisdiction does in fact exist,' and the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977))).

4.     In response to my order to show cause, Plaintiff submitted declarations and other evidence in support of its contention that it has an obligation to indemnify its resellers.  I have reviewed that evidence.  It does not demonstrate that Plaintiff had an indemnification obligation to the Amazon resellers at the time it filed this action.  Plaintiff says that a January 21, 2025 Purchase Order (D.I. 54) from SainStore Technology Co., Ltd. (a foreign company) gives rise to an obligation to indemnify.  (D.I. 51 at 2; D.I. 54.)  But it is undisputed that SainStore Technology

---

was brought, "the state of things and the originally alleged state of things are not synonymous," and that courts should consider the allegations in the amended complaint when evaluating jurisdiction at the time the action was brought).

In my view, the best reading of binding precedent is that: (1) there must be standing *at the time the original complaint was filed*; and (2) when determining whether there was standing *at the time the original complaint was filed*, the Court should assess the allegations in the amended complaint (with or without supplemental evidence, depending on whether the jurisdictional question is treated as a factual or facial attack).

5

Co., Ltd. is not one of the resellers identified in the FAC or the original complaint; and there is no suggestion in the record that SainStore Technology Co., Ltd. has taken any action in the United States that might give rise to an infringement claim against it (for which Plaintiff would have to indemnify). (D.I. 54; D.I. 55 ¶ 2, Ex. C; D.I. 57.[3])

5.      The other agreement relied on by Plaintiff was undisputedly created on May 17, 2025, months after Plaintiff filed this action. (*See* D.I. 47 ¶ 6, Ex. D, Ex. E.) And the remaining evidence submitted by Plaintiff does not demonstrate the existence of such an indemnification obligation as of the time this case was filed.[4] (D.I. 55, Exs. F–H; D.I. 56, Ex. E; D.I. 58–63.)

6.      Some courts have suggested that it is unnecessarily formalistic and inefficient for a court to dismiss for lack of standing at the time of the original filing where later events have established standing. *See Scahill*, 909 F.3d at 1183 (discussing split of authority). But the Court cannot proceed where it lacks subject matter jurisdiction. And it would be even more inefficient for the Court to proceed through the entire case only to have the judgment vacated by an appellate court for lack of subject matter jurisdiction. For the above reasons, the Court finds that Plaintiff has not met its burden to demonstrate that it had an obligation to indemnify its resellers at the time this action was filed and that it therefore lacked standing to pursue its declaratory judgment claims when it filed this suit. Those claims will be dismissed.

---

[3] Plaintiff also violated the Court's order to produce all relevant indemnification agreements by June 6, 2025. (*See* D.I. 36; D.I. 69 at 4.) The existence of the SainStore agreement was revealed for the first time on July 22, 2025, when Plaintiff submitted it as an exhibit to Plaintiff's response to the Court's order to show cause. (D.I. 51.)

[4] I agree with Defendant that Plaintiff's "assertions that it was 'responsible for handling all necessary legal actions to resolve the infringement notices' and that it was 'handling the delisting' of these customers' products by Amazon (*see, e.g.*, [D.I. 51] at 4) are not the same as an indemnification agreement with those customers in place at the time the present action was filed." (D.I. 69 at 4.)

7. Plaintiff alleges that the Court has supplemental jurisdiction over its state-law claims under 28 U.S.C. § 1367. (D.I. 25 ¶ 20.) As the Court is dismissing the federal claims, and as Plaintiff has not offered another basis for jurisdiction over the state-law claims, the Court will dismiss those claims. *See* 28 U.S.C. § 1367(c).

IT IS FURTHER ORDERED that the Clerk of Court is directed to CLOSE the case.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE